09-5241-cv
Wal-Mart Stores, Inc. v. Visa USA, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 6th day of October, two thousand and ten.

Present:    ROSEMARY S. POOLER,
            PETER W. HALL,
                 *Circuit Judges*,
            MARK R. KRAVITZ,[*]
                 *District Judge*.

_____

WAL-MART STORES, INC., THE LIMITED, INC., SEARS ROEBUCK AND CO.,
SAFEWAY, INC., AUTO-LAB OF FARMINGTON HILLS, BERNIE'S ARMY-NAVY
STORE, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, CIRCUIT CITY
STORES, INC., THE COFFEE STOP, INC. d/b/a TORREO COFFEE & TEA COMPANY,
COMPUTER SUPPLIES UNLIMITED, DENTURE SPECIALISTS, INC., PAYLESS
SHOESOURCE, INC., SHOES ETC., INC. d/b/a ARNOLD'S SHOES, SCRUB SHOP, INC.,
SPORTSTOP, INC., EXPRESS, INC., INTERNATIONAL MASS RETAIL ASSOCIATION,
NATIONAL RETAIL FEDERATION, and FOOD MARKETING INSTITUTE,

                           *Plaintiffs-Appellees*,
                 -v-                                          09-5241-cv

VISA USA, INC., and MASTERCARD INTERNATIONAL, INC.,

                           *Defendants*,

WELLS FARGO RETAIL FINANCE II, LLC,

                           *Intervenor-Appellant*.

_____

[*]Mark R. Kravitz, of the United States District Court for the District of Connecticut,
sitting by designation.

Appearing for Appellees:     Jeffrey I. Shinder and Marlene Koury, Constantine Cannon LLP, New York, NY; Jason J. Enzler, Constantine Cannon LLP, Washington, DC.

Appearing for Appellant:     Christopher D. Kratovil and David Weitman, K&L Gates LLP, Dallas, TX; Roger R. Crane, K&L Gates LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Judge Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Wells Fargo Retail Finance II, LLC ("WFRF") appeals from the Eastern District of New York (Gleeson, *J.*)'s November 19, 2009 Order denying WFRF's request to file untimely claims to a settlement fund on behalf of seven bankrupt class members ("Seven Merchants"). Although WFRF did not file a timely claim to the settlement proceeds on behalf of the Seven Merchants, WFRF argues on appeal that the District Court abused its discretion by finding that WFRF did not show that its late filing was excusable neglect. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

A district court overseeing a settlement distribution has inherent power to accept late claims. *See Zients v. LaMorte*, 459 F.2d 628 (2d Cir. 1972). Pursuant to *Zients*, a district court entertaining a late-submitted claim to a settlement must examine the equities to determine whether to allow the claim. *Id.* at 630-31.

In balancing the equities pursuant to *Zients*, both the Appellant (Lead Counsel for the class) and the Appellees agree that the district court appropriately considered whether WFRF had shown "excusable neglect" under *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (allowing creditor to file late proof of claim in bankruptcy action). *See also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (listing cases that extended *Pioneer* to other contexts and stating that "*Pioneer*'s . . . definition of excusable neglect is

2

applicable beyond the bankruptcy context [in which] it arose"). Under *Pioneer*, a district court

should consider:

> [1] the danger of prejudice . . ., [2] the length of the delay and its
> potential impact on judicial proceedings, [3] the reason for the
> delay, including whether it was within the reasonable control of
> the movant, and [4] whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395 (bracketed numbers added).

We review for abuse of discretion the District Court's denial of WFRF's request to file

untimely claims to the settlement proceeds. *See In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir.

2005) (reviewing bankruptcy court's application of *Pioneer* factors for abuse of discretion). A

district court abuses its discretion if we have "a definite and firm conviction that the court below

committed a clear error of judgment in the conclusion that it reached upon a weighing of the

relevant factors." *Silivanch*, 333 F.3d at 362. In addition, we may reverse if a district court

commits an error of law or clearly mistakes a fact. *See, e.g.*, *Bronx Household of Faith v. Bd. of

Educ.*, 331 F.3d 342, 348 (2d Cir. 2003).

First, the District Court did not clearly err by finding that "WFRF was aware of the

settlement via its counsel as early as June 2006." WFRF does not dispute that WFRF Vice

President Eileen Quinn and WFRF outside counsel David Weitman worked together in 2005 and

2006 to file a timely claim for WFRF on behalf of bankrupt debtor Clothestime Stores, Inc.

(which is not one of the Seven Merchants). Nor does WFRF dispute that Vice President Quinn

knew of the settlement, the settlement funds, and the claims process by June 2006. The District

Court did not clearly err by finding that WFRF was aware of the settlement by June 2006.

Second, the District Court did not abuse its discretion by refusing to allow WFRF to file

claims to settlement proceeds after the September 15, 2008 deadline. WFRF admits that it was

"careless" and does not otherwise explain why, knowing of the settlement, WFRF did not

3

investigate whether it could file claims on behalf of other bankrupt retail debtors. On this record, the District Court was not required to find that WFRF's carelessness was a reasonable basis for noncompliance with the deadline. *See In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135-36 (2d Cir. 1998). The District Court's denial of WFRF's request to file untimely claims was within the range of permissible decisions, not an abuse of discretion.

Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk